# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2011

No. 11-30117
Summary Calendar

Lyle W. Cayce
Clerk

MAKEISHA S. VEDOL,

Plaintiff - Appellant

v.

JACOBS ENTERTAINMENT, INCORPORATED; RACELAND TRUCK
PLAZA AND CASINO, L.L.C.,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-57

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Makeisha Vedol appeals the district court's summary judgment dismissing
her employment discrimination and retaliation claims.    The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-30117

granted summary judgment to Jacobs Entertainment on the ground that Jacobs's motion was unopposed.[1]  Finding no error, we AFFIRM.

I.

Makeisha Vedol was employed by Jacobs Entertainment from March 2003 until her discharge in August 2009.  Jacobs Entertainment maintains that Vedol was discharged after incurring a rash of written warnings for violating various company policies; Vedol's response -- although she does not say so in her appellate brief -- is that she was discharged on account of her race.

Vedol filed suit against Jacobs Entertainment on January 8, 2010.  On November 29, Jacobs moved for summary judgment, and a hearing was set to consider the motion on December 15.  On December 7, Vedol filed an ex parte motion to continue the hearing; therein, Vedol noted that she had not previously requested an extension of time, that she needed additional time to respond to the summary judgment motion, and that she needed to conduct additional discovery. Vedol's motion was deficient, however, because she had failed to attach the requisite accompanying memorandum and notice; she was given seven days to remedy the deficiency.  Although she attempted to do exactly that, she ultimately failed, and on December 15, the district court granted Jacobs's motion for summary judgment, deeming it unopposed. After Vedol's subsequent motion for reconsideration was denied, she filed a timely notice of appeal.

II.

We review a grant of summary judgment *de novo*.  *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 680 (5th Cir. 2011).  Because Vedol would have borne the burden of proof at trial, at summary judgment she was required to "go beyond the pleadings and by her own affidavits, or by the

---

[1] The district court also noted that Vedol was unable to "prove[] the prima facie elements of her claims of discrimination and retaliation."  We need not reach that issue on appeal.

No. 11-30117

depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). Vedol failed to meet this burden because she failed to file any substantive response to Jacobs's motion.

Vedol argues that because she had not previously sought an extension of time, the local rules entitled her to an extension. Her argument -- whatever its merit may be in theory -- fails because she never *properly* filed a motion seeking an extension of time.[2] The district court did not err in granting summary judgment to Jacobs.

### III.

For the foregoing reasons, the summary judgment in favor of Jacobs Entertainment is

AFFIRMED.

---

[2] As we have said, Vedol filed a deficient motion seeking such an extension; after being informed of the deficiency, Vedol failed to cure it.